**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10273 |
| Plaintiff-Appellee, | DC No. CR 16-0783 CKJ |
| v. | |
| ESAU ROSAS-DOMINGUEZ, AKA Esau Rosas, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted February 7, 2018
San Francisco, California

Before:    THOMAS, Chief Judge, and TASHIMA and CHRISTEN, Circuit
Judges.

Defendant Esau Rosas-Dominguez appeals the 33-month sentence and 3-

year term of supervised release that he received after pleading guilty to unlawful

reentry under 8 U.S.C. § 1326(a), enhanced by § 1326(b)(1).  He argues that the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

district court committed procedural error and that his sentence is substantively unreasonable.

**1.** Rosas-Dominguez did not argue below that the district court committed procedural error. We therefore review for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010).

To establish plain error, (1) "there must be an error or defect" that has not been waived; (2) "[the legal error] must be clear or obvious, rather than subject to reasonable dispute"; (3) "[the error] must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings'"; and (4) if these three prongs are met, this court should exercise discretion to remedy the error only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732–36 (1993)).

We reject Rosas-Dominguez's arguments that the district court erred either by failing to use the 2016 Guidelines Manual or by using an incorrect benchmark from the 2015 Guidelines Manual. "A district court properly applies the version of the Sentencing Guidelines in effect at the time of sentencing, unless doing so would violate the *ex post facto* clause." *United States v. Thomsen*, 830 F.3d 1049,

1071 (9th Cir. 2016). "[T]here is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Peugh v. United States*, 569 U.S. 530, 533 (2013).

The district court correctly identified that the 2016 Guidelines Manual in effect at the time of sentencing provided a higher applicable sentencing range than did the 2015 Guidelines Manual in effect at the time of Rosas-Dominguez's reentry offense. The district court therefore did not err in using the 2015 Guidelines Manual to avoid an *ex post facto* violation. After selecting the 2015 Guidelines Manual, the district court identified and used as its benchmark the appropriate 8-14 month range that applied to Rosas-Dominguez under that version. Because the record reflects that the district court used this 8-14 month range as the starting point, and remained cognizant of that range during sentencing, there was no error. *See United States v. Burgum*, 633 F.3d 810, 812–13 (9th Cir. 2011).

In light of this determination, we reject Rosas-Dominguez's argument that the district court plainly erred by failing to consult the 2016 Guidelines Manual. If an earlier version of the Guidelines Manual is used to avoid an *ex post facto* violation, that version is to be used in its entirety. *See Thomsen*, 830 F.3d at 1071;

*see also* U.S.S.G. § 1B1.11(b)(1)–(2) (2015).  After a district court determines that an earlier version must be used, nothing requires it to consult a substantive amendment found in a later version of the advisory Guidelines.  *See United States v. Rising Sun,* 522 F.3d 989, 997 (9th Cir. 2008) (citing U.S.S.G. § 1B1.11(b)(2)).  Amendment 802 substantively changed the level of enhancement applicable to a defendant who was previously deported after a felony conviction.  *Compare* U.S.S.G. § 2L1.2(b)(1) (2015), *with* U.S.S.G § 2L1.2(b)(2) (2016).  Rosas-Dominguez has thus not shown any error in the district court's failure to consider the substance or rationale of Amendment 802, let alone one that is clear and beyond dispute.

Because the district court's sentencing remarks and Statement of Reasons indicate that it considered the factors under 18 U.S.C. § 3553(a), Rosas-Dominguez's sentencing arguments, and adequately explained its reasons for imposing an upward variance, we find no procedural error.  *See United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir. 2008) (en banc).

**2.**     We review the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).  We do not presume that a sentence outside the Guidelines range is unreasonable; instead, we "give due deference to the district court's decision that the § 3553(a) factors, on a

whole, justify the extent of the variance." *Carty*, 520 F.3d at 993 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Upon reviewing the record here, we are not left with "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009). Unlike in *Amezcua-Vasquez*, the district court here came to the reasoned conclusion that, despite compelling mitigating evidence about Rosas-Dominguez's work in Mexico and the age of his prior conviction, a sentence of 33 months was required given the nature and seriousness of this prior conviction for aggravated kidnapping, and in order to promote respect for the law and protect the community. The above-Guidelines sentence of 33 months is substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances. *Gall*, 552 U.S. at 51.

3. For similar reasons, we reject Rosas-Dominguez's argument that the imposition of a 3-year term of supervised release was unreasonable. While the Guidelines state that a district court should not "ordinarily" impose supervised release if the defendant is a deportable alien, they also provide that supervised release may be appropriate if it will provide added deterrence or protection. U.S.S.G. § 5D1.1(c), cmt. n.5 (2015); *see also* 18 U.S.C. § 3583(c). The district

court exercised appropriate discretion in imposing a 3-year term based on concerns about the danger Rosas-Dominguez posed to the public and the need for deterrence. In light of the district court's particularized remarks at sentencing about these concerns, which find support in the record, we conclude that the 3-year term of supervised release is reasonable. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692–93 (9th Cir. 2012).

**AFFIRMED.**